# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY A. VOIGT,**

        **Petitioner,**

    **v.**                                                                                                **Case No. 06-C-0043**

**PHIL KINGSTON,**
**Warden, Waupun Correctional Institution,**

        **Respondent.**

## DECISION AND ORDER

On January 10, 2006, this Court received the habeas petition, filed pursuant to 28 U.S.C. § 2254, of the petitioner Jeffrey A. Voigt ("Voigt"). That petition is now before the Court for Rule 4 review.

According to his petition, Voigt is currently serving a twenty-year sentence of imprisonment at the Waupun Correctional Institution in Waupun, Wisconsin, pursuant to a judgment of a Wisconsin state court. On August 19, 1994, judgment was entered against Voigt for one count of robbery, two counts of theft, and two counts of first-degree reckless endangerment. (Pet. 2.) Voigt's conviction was affirmed on appeal in 1995. He did not file a petition for review with the Supreme Court of Wisconsin.

On April 13, 2004, Voigt filed a post-conviction motion in state court seeking a modification of his sentence. (Pet. 4.) This motion was denied in a decision dated June 11, 2004. Appended to Voigt's habeas petition is a Wisconsin court of appeals' decision, dated

August 31, 2005, affirming the circuit court's order denying Voigt's motions for sentence modification and record correction. In a filing received by this Court on January 17, 2006, Voigt provided copies of an order, dated November 11, 2005 and issued by the Supreme Court of Wisconsin, denying Voigt's petition for review.

Section 2254(a) states that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Upon review of the petition before it, this Court is satisfied that Voigt is "in custody" pursuant to the conviction he now challenges.

Section 2254(b) requires, with exceptions not relevant here, that a petitioner demonstrate that he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To determine whether Voigt has exhausted his state remedies, the Court examines the grounds for relief contained in his petition. Based on that petition, Voigt is contesting proceedings related to the resolution of a post-conviction motion filed in 2004. According to Voigt, he raised three grounds in that post-conviction motion:

(A) To correct a defective sentencing record.
(B) Trial court erroneously exercised its discretion considering prior proscribed sentences.
(C) Asserting an unduly harsh sentence at the trial court's suggestion in its decision letter of 1/20/2004.

(Pet. 4.)

In the petition before this Court, Voigt has listed two grounds for relief. First, Voigt claims a violation of his due process rights. This claim arises from a tension or contradiction

2

between two statements made by the circuit court that considered Voigt's post-conviction motions. In a letter issued by the circuit court on January 20, 2004, the circuit judge denied a motion for modification of sentence, which Voigt had filed on December 10, 2003. In that letter, the judge stated:

> It is also possible for a trial court to modify a sentence even though no new factors are present when the trial court elects to review its sentence to determine whether the sentence was unduly harsh or unconscionable. However a trial court may not revise a sentence merely upon "reflection," it may review its sentence for abuse of discretion upon its conclusion that the sentence the court imposed was unduly harsh or unconscionable.

(Pet. Ex. A, 2.) Voigt believes that this statement contradicts the judge's comments during a subsequent June 10, 2004 hearing related to another post-conviction motion filed by Voigt.

The June 10, 2004 hearing, according to the transcript portions that Voigt has provided, was an evidentiary hearing held to address a motion to modify Voigt's sentence. During that hearing, Voigt stated that he wished to show that his sentence was unduly harsh and unconscionable. (Tr. at 11.) The judge stated:

> You know, I'm not the judge that would decide that. It's the Court of Appeals really [sic] looks at whether a trial judge imposed such a harsh sentence, too harsh a sentence. I, essentially, am not the correct court to hear that. Now, if there's mistakes made, that's where you started out, we'll correct any mistakes that were made, but I've got to know what the mistake was.

(Tr. at 21.)

So, in the January 20, 2004 decision, the circuit court said that Voigt failed to suggest that his sentence was unduly harsh or unconscionable, and, therefore, the circuit court denied

3

his request for sentence modification.[1]  Presumably in an attempt to correct this omission, Voigt filed another post-conviction motion claiming his sentence was too harsh.  But, during the June 10, 2004 hearing, the circuit court stated that the court of appeals was the proper body to consider whether an imposed sentence was unduly harsh.  Voigt believes that he was given mixed signals, which resulted in a constitutional deprivation of due process.

In his second ground for relief in the instant petition, Voigt takes issue with the circuit court's speedy issuance of its denial of his motion to modify.  At the June 10, 2004 hearing, the circuit court stated that it would issue a decision in a "couple of weeks" after it had obtained and reviewed a copy of a prior transcript.  (Tr. 30.)  However, the circuit court's decision issued the following day, June 11, 2004.  Voigt believes that this speedy turnaround indicates that the Court did not perform a proper review and thus acted improperly.

In his second ground for relief, Voigt also argues that the state court of appeals erred when it stated that the circuit court, though perhaps articulating an incorrect legal standard, nevertheless correctly denied Voigt's motion to modify.

Having set forth Voigt's grounds for relief, the Court now examines whether he has exhausted these issues in state fora.  The Court is satisfied that Voigt's first ground for relief was given a complete round of review in the state courts.  Though not reflected in the court documents he provided, Voigt claims that he also raised the issue of the timing of the June

---

[1] In his request for relief in the instant petition, Voigt asks the Court to reverse the January 20, 2004 letter/order denying post-conviction relief. This is somewhat perplexing insofar as Voigt argues that the June 11, 2004 letter decision reflects an application of the wrong legal standard. One would expect Voigt to request relief based on that decision. Furthermore, Voigt does not point out any error or constitutional violation pertaining to the January 20, 2004 letter/order, even though it is that order which he asks this Court to "reverse." (*See* Pet. 12.)

4

11, 2004 decision (rendered one day after the hearing) and the circuit court's "subterfuge tactics" before the appellate court. (Pet. 4-7-C.) Therefore, based on the information before it, the Court is satisfied that Voigt has exhausted his state court remedies related to those grounds for relief that he now raises before this Court. Though he has satisfied applicable exhaustion requirements, Voigt's petition will not survive Rule 4 analysis.

Whether the circuit court sent mixed signals or incorrectly stated a proposition of state law, this Court does not see how Voigt was deprived of due process. As evidenced by the transcript attached to the petition, Voigt received a hearing on his claim that his sentence should be reduced because it was unduly harsh or unconscionable. Based even on those isolated excerpts before this Court, it is clear that Voigt was able to argue his motion at that hearing. A decision subsequently issued on June 11, 2004, in which the circuit court discounted those proffered reasons why the sentence should be modified:

> Voigt's position is that he has completed all available programming and treatment available to him while incarcerated and is now waiting for programs to either be available to him or for the parole board to modify his release date. Under these circumstances he asks the Court to reduce or modify his sentence so he can obtain earlier release.

*State of Wisconsin v. Voigt*, Case No. 94-CF-0330, slip. op. at 2 (Wis. Cir. Ct. June 11, 2004). The circuit court further explained that it would not re-consider issues that had previously been considered by the circuit court or court of appeals. Furthermore, the court stated that Voigt had provided no basis for the court to act. The court of appeals, when reviewing the circuit court's decision, noted that the lower court had correctly conducted its

5

review of Voigt's sentence and, at any rate, the court of appeals did not find Voigt's sentence unduly harsh or unconscionable.

Though it has perused Voigt's petition multiple times, this Court is at a loss to understand how Voigt is claiming a constitutional deprivation based solely on disparate statements by the circuit court when adjudicating motions to modify his sentence. In fact, Voigt was able to raise his arguments and have those arguments considered on their merits. Related to his second ground for relief, Voigt argues that the state court of appeals somehow "misstated the facts" of the case. This argument has no basis in the record before the Court. Similarly any arguments related to the timing of the issuance of the circuit court's June 11, 2004 decision or allegations of impropriety related thereto are without merit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Voigt's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2006.

> **BY THE COURT:**
>
> s/Rudolph T. Randa
> **HON. RUDOLPH T. RANDA**
> **Chief Judge**